## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES ROBERTS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No: 19-cv-2575-CM-TJJ |
| ROGER J. OLSEN, et al., | ) ) ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

### NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), may file written objections to this Report and Recommendation.  A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

**I.      Background**

The United States has filed a Motion to Substitute Defendants, Amend Caption, and Dismiss Complaint for Lack of Personal Jurisdiction (or, Alternatively, for an Order that the United States Need Not Answer or Otherwise Move with Respect to the Complaint until 60 Days After Proper Service) (ECF No. 5).  The undersigned Magistrate Judge has ruled on those portions of the motion that were referred to her, i.e. the requests to substitute Defendants and amend the case caption.  On December 4, 2019, District Judge Carlos Murguia referred to the

undersigned Magistrate Judge for a report and recommendation that portion of the motion seeking dismissal. After reviewing the motion and the supporting brief,[1] the Court recommends that the district judge deny the motion.

## II. Standard

A district court lacks personal jurisdiction over a party until summons has properly been served on that party.[2] Service of process on the United States requires delivery of a copy of the summons and complaint to the United States Attorney for the district in which suit is brought, with a copy sent by registered or certified mail to both the Attorney General of the United States and the applicable officer or agency.[3] Plaintiff has 90 days after filing the complaint to accomplish service.[4]

Because Plaintiff proceeds pro se, his pleadings are liberally construed.[5] However, the district court's role is not to act as advocate for the pro se plaintiff.[6]

## III. Analysis

The United States moves to dismiss Plaintiff's complaint for failure to effect service of process on the United States. The government acknowledges that Plaintiff has properly served

---

[1] Plaintiff has not responded to Defendants' motion to dismiss before or since the response deadline of December 17, 2019.

[2] *Howard v. Jenny's Country Kitchen, Inc.*, 223 F.R.D. 559, 563 (D. Kan. 2004).

[3] Fed. R. Civ. P. 4(i)(1), (2).

[4] Fed. R. Civ. P. 4(m).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

Defendant Olsen. The government argues that because Plaintiff has not timely served a summons and complaint on the United States, this Court lacks personal jurisdiction over the United States and the complaint must be dismissed.[7]

While the United States is correct in its statement of the law, it fails to recognize that Plaintiff would have had no reason to serve the United States because Plaintiff did not sue the United States. Instead, Plaintiff's complaint names individual employees of the Internal Revenue Service as Defendants. Although the undersigned Magistrate Judge has granted the United States' motion to substitute itself into this case as the sole party Defendant in place of the improperly named individual Defendants, that order was entered more than 90 days after Plaintiff filed his complaint.

The United States tacitly acknowledges the unfairness of its request for dismissal by asking for alternative relief in the form of an order stating that the United States need not answer or otherwise plead with respect to the complaint until 60 days after Plaintiff properly effects service of process by serving a summons and copy of the complaint on the U.S. Attorney's Office for the District of Kansas and on the U.S. Attorney General.

The Court finds that dismissal is an inappropriate remedy. The Court further finds that, pursuant to Federal Rule of Civil Procedure 12(a)(2), the deadline for the United States to answer or otherwise respond to Plaintiff's complaint should be 60 days following the Court's order substituting the United States as the sole party Defendant. Accordingly, the Court recommends Defendants' motion be denied and that the United States be required to answer or

---

[7] The 90-day limit for Plaintiff to effect service of process under Federal Rule of Civil Procedure 4(m) expired on December 19, 2019.

otherwise respond to Plaintiff's complaint within 60 days following the Court's order substituting the United States as the sole party Defendant.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED THAT** the motion to dismiss contained in United States' Motion to Substitute Defendants, Amend Caption, and Dismiss Complaint for Lack of Personal Jurisdiction (or, Alternatively, for an Order that the United States Need Not Answer or Otherwise Move with Respect to the Complaint until 60 Days After Proper Service) (ECF No. 5) be **DENIED**.

**IT IS FURTHER RECOMMENDED THAT** the United States be required to answer or otherwise respond to Plaintiff's complaint within 60 days following the Court's order substituting the United States as the sole party Defendant.

Respectfully submitted.

Dated this 20th day of December, 2019, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge