# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

JAMES ROBERTS, JR.,

       *Plaintiff,*

vs.                                                        Case No. 19-2575-EFM

UNITED STATES OF AMERICA,

       *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court upon the Government's a Motion to Dismiss for lack of subject matter jurisdiction (Doc. 11).  Pro se Plaintiff James Roberts sued the United States for release of federal tax liens, or, construed liberally, quiet title.  For the reasons stated below, the Court grants the Government's motion to dismiss.

# I.    Factual and Procedural Background[1]

On August 25, 2008, Roberts received notices of deficiency for tax years 2004 and 2005 but did not challenge the deficiency determination within 90 days.  For the 2006 tax year, Roberts received a notice of deficiency and challenged it in tax court but was unsuccessful—accumulating a civil penalty under 26 U.S.C. § 6702(b) in addition to his tax deficiency.  Deficiencies for all three years and the civil penalty remained unpaid. On December 10, 2012, the IRS filed a Notice of Federal Tax Lien on Roberts's property relating to these three years.

For tax years 2003, 2007, and 2009, Roberts self-reported his tax liabilities.  The tax reported by Roberts was assessed by a delegate of the Secretary of Treasury.  After assessment, the IRS made demands for payment, which Roberts has not fully paid.  On April 16, 2018, the IRS filed a Notice of Federal Tax Lien with respect to these unpaid liabilities for years 2003 and 2007.

Roberts seeks release of both tax liens, alleging he received "no notice of deficiency as authorized by section 6212 and required by section 6213(a) of the Internal Revenue Code[.]"[2] However, as stated, Roberts did receive a deficiency notice in 2004 and 2005, but did not timely challenge the notice.  In 2006, Roberts did timely challenge his deficiency notice, but failed on the challenge—ultimately, adding a civil penalty.  Finally, in 2003, 2007, and 2009, a deficiency notice was not required because Roberts self-reported his tax liabilities.

Roberts further alleges the tax liens should be released because his tax court case was dismissed.  Unfortunately, Roberts misunderstands the tax court's disposition.  The tax court

---

[1] The facts are taken from Roberts's complaint, an agreed upon statement of facts submitted to the U.S. Tax Court and signed by Roberts, and IRS documents concerning Roberts's tax filings.

[2] Doc. 1 at 3.

dismissed the case but did not "dismiss" the tax liens.  The Government now moves to dismiss the case for lack of subject-matter jurisdiction.

## II.      Legal Standard

Federal courts are courts of limited jurisdiction.[3]  A presumption exists against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction."[4]  "Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to actual facts upon which subject matter jurisdiction is based.'"[5]  If the motion challenges the sufficiency of the complaint's jurisdictional allegations, the district court must accept all factual allegations as true.[6]  If challenging the facts allowing jurisdiction, the Court is not required to accept the complaint's factual allegations as true.[7]  When jurisdictional facts are disputed, the Court has "wide discretion to allow affidavits, other documents and a limited evidentiary hearing" without converting the motion to a Rule 56 motion.[8]

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[9]  A pro se litigant is entitled to a liberal construction of his pleadings.[10]  If a court can

---

[3] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

[4] *Id.*

[5] *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003)).

[6] *Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[7] *Id.* at 1003.

[8] *Id.* (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987)).

[9] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[10] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority…confusion of various legal theories… or [Plaintiff's] unfamiliarity with the pleading requirements."[11]   However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[12]  As it relates to motions to dismiss generally, "the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff."[13]   "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inferences that the defendant is liable for the misconduct alleged."[14]

## III.    Analysis

The Government asserts that the Court lacks subject matter jurisdiction because the Government has not waived sovereign immunity.  Sovereign immunity is intended to protect the Government from lawsuits without its consent.[15]  Unless sovereign immunity is waived, courts do not have subject matter jurisdiction over a claim against the United States.[16]  To waive sovereign immunity, Congress must "unequivocally express" the waiver in statutory text.[17]

Roberts seeks release of the federal tax liens under 26 U.S.C. § 6213(a), or, construed liberally, quiet title under 28 U.S.C. § 2410.  Section 6213(a) allows taxpayers 90 days to file a

---

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (1937).

[15] *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010).

[16] *Id.* (citing *Normandy Apartments, Ltd. V. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009)).

[17] *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1260 (10th Cir. 2009) (citing *U.S. v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996)).

petition with the tax court for redetermination of the deficiency.[18]  During this 90 day period, no assessment or collection of these tax liabilities shall be made.[19]  Section 2410 allows the United States to be named a party in a quiet title claim against property which the United States claims a mortgage or lien.  While both statutes provide a waiver of sovereign immunity; for the following reasons, the waivers do not apply in this case.

**A.     Release of Federal Tax Liens**

Roberts seeks release of his federal tax lien, claiming he did not receive notices of deficiency.  Under the Anti-Injunction Act ("AIA"), "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]"[20]  However, a statutory exception to the AIA under § 6213(a) allows a waiver of sovereign immunity.

The exception under § 6213(a) allows courts to enjoin assessment, or collection, of tax liability when a taxpayer properly files a petition for redetermination of a deficiency within 90 days of a deficiency notice.  If a petition for determination is filed, assessment and collection can only be enjoined until the tax court makes a final decision and the time for an appeal expires.[21]  Once a final decision by the tax court is made and the appeal process complete, or the 90 day period to file the petition passes, § 6213(a) no longer applies.  This exception does not apply when

---

[18] *See also* 26 U.S.C. § 6212 (authorizing secretary to send notice of deficiency to taxpayer).

[19] 26 U.S.C. § 6213(a).

[20] 26 U.S.C. § 7421.

[21] *Id.; see also* IRM § 25.6.1.9.6.2 (allowing "90 + 10 days awaiting the filing of an appeal" before the decision can be processed).

a notice of deficiency is not required—namely when a taxpayer self-reports a tax liability and the secretary can proceed to assessment without notice of deficiency.[22]

Waiver of sovereign immunity under § 6213(a) is not applicable here, because either Roberts failed to timely and successfully challenge the deficiency notices, or it was not necessary to receive the notices.  Regarding tax years 2004, 2005, and 2006, notices of deficiency were required by § 6212 and sent by the IRS.  In 2004 and 2005, Roberts failed to challenge the notice within 90 days, as necessary under § 6213(a).  In 2006, Roberts received and challenged the notice of deficiency, however, the tax court made a final decision denying his challenge, making § 6213(a) inapplicable.  Waiver of sovereign immunity under § 6213(a) is not met for these years, because Roberts did receive notices of deficiency but either did not challenge the notice within 90 days or received a final decision from the tax court.  Additionally, for the years 2003, 2007, and 2009, Roberts self-reported his tax liabilities, meaning deficiency notices were not required under 26 U.S.C. § 6212.  Since the notice of deficiency was not required, the waiver of sovereign immunity under § 6213(a) can also not be applied to these years where he self-reported.

Thus, since the statutory exception is inapplicable, sovereign immunity is not waived and the Court lacks subject-matter jurisdiction over Roberts's claim for release of a federal tax lien. Further, Roberts has an alternative remedy of paying his tax liabilities, satisfying prerequisites for a refund suit, then filing for a refund.[23]

---

[22] *Id.* § 6201(a)(1) ("Taxes shown on return.--The Secretary shall assess all taxes determined by the taxpayer…"); *see also* 26 U.S.C. § 6212(a) (a notice of deficiency is only mailed to the taxpayer "[i]f the Secretary determines that there is a deficiency").

[23] *See Souther v. Mihlbachler*, 701 F.2d 131, 132 (10th Cir. 1983).

B.      **Quiet Title**

When construed liberally, Roberts's complaint also seeks quiet title under 28 U.S.C. § 2410.  This statute waives sovereign immunity, allowing suits for quiet title to property on which the Government claims a lien.[24]    However, courts must read these waivers narrowly.[25]  Specifically, the Tenth Circuit established that the "waiver under § 2410 also does not apply to challenges surrounding notices of deficiency."[26]  In a quiet title action, a taxpayer cannot raise the procedural defect of lack of notice of deficiency.[27]

Here, Roberts claims a lack of notice of deficiency.  Even taken as true, this claim does not fall within the narrow waiver of sovereign immunity under § 2410.  Thus, if construed liberally as an action for quiet title, Roberts's complaint fails to allege a permissible claim under § 2410's waiver of sovereign immunity provision..   For these reasons, the Court lacks subject matter jurisdiction over Roberts's quiet title claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 11) is **GRANTED.**

---

[24] 28 U.S.C. § 2410(a).

[25] *Schmidt v. King*, 913 F.2d 837, 839 (10th Cir. 1990).

[26] *James v. U.S.*, 970 F.2d 750, 755 (10th Cir. 1992) (citing *Guthrie v. Sawyer*, 970 F.2d 733, 736 (10th Cir. 1992)).

[27] *Guthrie*, 970 F.2d at 737.

**IT IS SO ORDERED.**

This case is closed.

Dated this 13th day of July, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE